IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| DELTA PRODUCE, ET AL., | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| BERNARDI & ASSOCIATES, INC., | ) | |
| ET AL., | ) | |
| | ) | NO. SA-13-CV-00701-DAE |
| Appellants, | ) | Bankruptcy Case No. 12-50073-a998 |
| | ) | Bankruptcy Case No. 12-50074-a998 |
| vs. | ) | |
| | ) | |
| I. KUNIK CO., INC., ET AL., | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

ORDER DENYING THE KINGDOM FRESH GROUP'S MOTION TO INTERVENE

Before the Court is the Motion to Intervene Pursuant to FRCP 24(A)(2) filed by interested parties Kingdom Fresh Produce, Inc., I. Kunik Company, Inc., Five Brothers Jalisco Produce Co. Inc. d/b/a Bonanza 2001, Rio Bravo Produce Ltd. Co., LLC and G.R. Produce, Inc. (hereinafter the "Kingdom Fresh Group"). After careful consideration, and for the reasons given below, the Court **DENIES** the Motion to Intervene. (Doc. # 4.)

1

BACKGROUND

On January 3, 2012, Delta Produce, L.P. filed a voluntary petition under Chapter 11 of the Bankruptcy Code. (Bankr. Case No. 12-50073 ("DP Bankr."), Doc. # 1.) On the same day, Superior Tomato-Avocado, Ltd. filed a voluntary petition under Chapter 11 of the Bankruptcy Code. (Bankr. Case No. 12-50074.) On January 19, 2012, the Bankruptcy Court entered an order directing that the two cases be jointly administered. (DP Bankr. Doc # 29.)

In September 2012, certain trust creditors under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, et seq.—including the "R&J Group"[1] and several members of the Kingdom Fresh Group—filed claims for attorneys' fees. Walter Scott Jensen ("Jensen") filed Omnibus Objections to PACA Trust Creditors' Applications for Attorneys' Fees. (DP Bankr. Doc. # 331.) On November 8, 2012, the Bankruptcy Court entered a written order finding that PACA trust creditors were "unsecured creditors" under the Bankruptcy Code and therefore not entitled to post-petition attorneys' fees. (DP Bankr. Doc. # 399.) On

---

[1] The "R&J Group" consists of Bernardi and Associates, Inc., DiMare Enterprises, Inc., Frank's Distributing of Produce, LLC, Fresh Pac International, Inc., Harvest Crown Co. Inc., J-C Distributing, Inc., Mission Produce, Inc., California Artichoke & Veg Growers Corp. d/b/a Ocean Mist Farms, Pacific International Vegetable Marketing Inc. d/b/a Pacific International Marketing, Prime Time Sales, LLC, Royal Flavor, LLC, Uesugi Farms, Inc., and Wilson Produce, LLC.

November 21, 2012, the R&J Group filed a timely Notice of Appeal of the Bankruptcy Court's order. (DP Bankr. Doc. # 409.)

On December 5, 2012, the R&J Group filed its Designation of Record on Appeal. (DP Bankr. Doc. # 428.) Soon thereafter, the R&J Group filed a Motion for Leave to Appeal, arguing that the Bankruptcy Court erred in denying their claims for attorneys' fees. (Doc. # 1.) On December 27, 2012, the R&J Group sent, via FedEx, the Transmission of Record on Appeal to the Clerk of the Bankruptcy Court. (Doc. # 9, Ex. 1.)

On April 23, 2013, pursuant to an order of the Bankruptcy Court, a mediation was held between all PACA trust creditors, Jensen, and the International Bank of Commerce to resolve the remaining issues in the Delta Produce, L.P. and Superior Tomato-Avocado, Ltd. bankruptcy cases—including the matter of PACA trust creditors' entitlement to attorneys' fees. (Doc. # 9 ¶ 15; DP Bankr. Doc. # 494.)

On June 28, 2013, this Court issued an Order Granting the R&J Group's Motion for Leave to Appeal. (Doc. # 3.) On July 2, 2013, the Bankruptcy Court created "Appeal Related Deadlines," including "Record Transmission" due on August 1, 2013. (DP Bankr. Doc. # 546.)

By late July 2013, as a result of the mediation, all PACA trust

creditors, with the exception of the Kingdom Fresh Group, consented to a final settlement in the underlying bankruptcy cases. (Doc. # 7 ¶ 13.) As part of the terms of the final settlement, the R&J Group agreed to dismiss its bankruptcy appeal on the matter of PACA trust creditors' entitlement to post-petition attorneys' fees. (Id. ¶ 9.)

On August 2, 2013, the Kingdom Fresh Group filed the instant Motion to Intervene in the R&J Group's bankruptcy appeal. (Doc. # 4.) The motion also seeks, in the alternative, a "declaration that the appeal relates to <u>all</u> PACA trust beneficiaries in the Delta/Superior bankruptcies." (Id.) On August 9, 2013, Special PACA Counsel Craig A. Stokes, Jensen, and the R&J Group each filed responses in opposition to the Kingdom Fresh Group's Motion to Intervene. (Docs. ## 7–9.) Additionally, Special PACA Counsel's Objection to Kingdom Fresh Group's Motion to Intervene requests an award of attorneys' fees for the cost of responding to the motion. (Doc. # 7 at 8.)

## DISCUSSION

The Kingdom Fresh Group seeks to intervene in the R&J Group's bankruptcy appeal pursuant to Federal Rule of Civil Procedure 24(a)(2). The Kingdom Fresh Group argues that, because the R&J Group did not file its designation of the record on appeal in accordance with the deadlines set by the

Bankruptcy Court, the Kingdom Fresh Group's interests are not adequately represented on appeal.

Under Federal Rule of Bankruptcy Procedure 8002, a party seeking to appeal a bankruptcy court's final "judgment, order, or decree" to a district court has fourteen (14) days following entry of the bankruptcy court's judgment, order, or decree to file a notice of appeal. Fed. R. Bankr. P. 8002(a). If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within fourteen (14) days of the date on which the first notice of appeal was filed. Id. Except in circumstances not at issue here, the bankruptcy court may extend the time for filing the notice if the request is "made by written motion filed before the time for filing a notice of appeal has expired." Fed. R. Bankr. P. 8002(c).

In this case, the Kingdom Fresh Group never filed a notice of appeal, although it could have done so within fourteen days of the filing of the R&J Group's notice of appeal. Failure to file a timely notice of appeal deprives the district court of jurisdiction to consider the appeal. In re Bayhi, 528 F.3d 393, 401 (5th Cir. 2008). Given its "jurisdictional nature," the requirement that a party file a timely notice of appeal "cannot be waived." Id. (citing Abraham v. Aguilar, 861 F.2d 873, 874 (5th Cir. 1988)). Accordingly, the Court lacks jurisdiction to hear an appeal of the Bankruptcy Court's November 8, 2012 order at this time from the

Kingdom Fresh Group.

Moreover, Federal Rule of Civil Procedure 24 is not available to the Kingdom Fresh Group to overcome the jurisdictional hurdle of Bankruptcy Rule 8002(a). While the Federal Rules of Civil Procedure apply to civil suits in district court, the rules only "apply to bankruptcy proceedings to the extent provided by the Federal Rules of Bankruptcy Procedure." Fed. R. Civ. P. 81(a)(2). Pursuant to Bankruptcy Rule 7024, Rule 24 "applies in adversary proceedings." Fed. R. Bankr. P. 7024. Because this is not an adversary proceeding, but rather a bankruptcy appeal, Rule 24 is inapplicable. Compare Fed. R. Bankr. P. 7001–87 (Part VII of the Rules) with Fed. R. Bankr. P. 8001–20 (Part VIII of the Rules); see also In re Frontier Airlines, Inc., 108 B.R. 277, 278–79 (D. Colo. 1989) (holding that Fed. R. Civ. P. 19, which applies to adversary proceedings in bankruptcy through Fed. R. Bankr. P. 7019, does not apply to a bankruptcy appeal). Thus, the Kingdom Fresh Group's reliance on Rule 24(a)(2) as a basis to intervene on appeal is unavailing.

Even if Rule 24 did apply, the Kingdom Fresh Group is not entitled to intervention as of right. Intervention as of right under Rule 24(a)(2) is based on four requirements:

> (1) the applicant [for intervention] must file a timely application; (2) the applicant must claim an interest in the subject matter of the action;

(3) the applicant must show that disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties to the litigation.

Heaton v. Monogram Credit Card Bank of GA, 297 F.3d 416, 422 (5th Cir. 2002) (citation omitted).

Here, the Kingdom Fresh Group has not shown that its interest cannot be adequately represented on appeal.  The Kingdom Fresh Group's entire motion is predicated on the allegation that the R&J Group did not comply with the Bankruptcy Court's deadlines for the bankruptcy appeal.  More specifically, the Kingdom Fresh Group asserts that the R&J Group failed to file a designation of the record by July 16, 2013.  (Doc. # 4 at 3.)  However, the R&J Group timely filed its Designation of Record on Appeal on December 5, 2012 and transmitted that record to the Clerk of the Bankruptcy Court.  (See DP Bankr. Doc. # 428; Doc. # 9, Ex. 1.)  To date, the R&J Group has complied with the deadlines set by both the Bankruptcy Court and this Court, and there is no reason why it cannot adequately represent the Kingdom Fresh Group on appeal.

Additionally, the Kingdom Fresh Group's Motion to Intervene is untimely.  A four-factor test governs whether a motion to intervene is timely: "(1) the length of time between the would-be intervenor's learning of his interest and his petition to intervene, (2) the extent of prejudice to existing parties from

allowing late intervention, (3) the extent of prejudice to the would-be intervenor if the petition is denied, and (4) any unusual circumstances." In re Lease Oil Antitrust Litig., 570 F.3d 244, 247–48 (5th Cir. 2009).  In this case, all four factors weigh against intervention.  With respect to the first factor, the Kingdom Fresh Group learned of its interest on November 8, 2012, the date on which the Bankruptcy Court entered an order denying post-petition attorneys' fees to PACA trust creditors.  Instead of filing a timely notice of appeal to preserve its interest, the Kingdom Fresh Group let that deadline pass and waited over six months to file the instant Motion to Intervene.  Second, existing parties will suffer prejudice if the Court permits late intervention because the R&J Group will not be able to dismiss the bankruptcy appeal, which is a mandatory condition of the final settlement.  Third, any prejudice to the Kingdom Fresh Group is minimal because the group was not without ability to preserve its interest through the filing of a timely notice of appeal.  Fourth, unusual circumstances mitigate against intervention.  Because the terms of the final settlement are contingent on the R&J Group's ability to dismiss the instant bankruptcy appeal, the late intervention of the Kingdom Fresh Group would jeopardize the viability of the final settlement.  Accordingly, the Court finds that the Kingdom Fresh Group's Motion to Intervene is untimely under Rule 24(a)(2).

For the foregoing reasons, the Court DENIES the Kingdom Fresh Group's Motion to Intervene. Insofar as the Kingdom Fresh Group seeks, in the alternative, a "declaration that the appeal relates to <u>all</u> PACA trust beneficiaries," the Court also DENIES the motion. First, the Kingdom Fresh Group has not provided the Court a legal basis for granting such relief or explained why, as a non-party to the bankruptcy appeal, it has standing to make such a request. Second, the declaration is unnecessary. As the Court explained in its prior order, the issue on appeal presents "a question of 'pure' law that depends on the statutory interpretation of the language 'full payment of the <u>sums owing in connection with</u> [perishable agricultural commodities] transactions' within 7 U.S.C. § 499e(c)(2)." (Doc. # 3.) Because the Court will decide as a matter of law whether PACA trust creditors may recover post-petition attorneys' fees, its holding will necessarily bind all PACA trust creditors in the underlying Delta Produce, L.P. and Superior Tomato-Avocado, Ltd. bankruptcy actions. Accordingly, declaratory relief is unwarranted.

CONCLUSION

For the reasons stated above, the Court **DENIES** the Kingdom Fresh Group's Motion to Intervene. (Doc. # 4.) The Court **DENIES WITHOUT PREJUDICE** Special PACA Counsel's request to recover attorneys' fees. (<u>See</u>

Doc. # 7.) Special PACA Counsel may file a separate motion for attorneys' fees, which must clearly explain the legal basis for the relief sought. Any such motion must be filed by August 19, 2013.

      IT IS SO ORDERED.

      DATED: San Antonio, Texas, August 13, 2013.

      _____
      David Alan Ezra
      Senior United States District Judge